# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6916 | **DATE** | 5/2/2002 |
| **CASE TITLE** | Jessie E. Thompson, et al. vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Report and Recommendation recommending that the District Court dismiss as moot the plaintiffs' motion for preliminary injunction is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | |
|---|---|---|
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | MAY 03 2002 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | |
| | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 71

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESSIE E. THOMPSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 01 C 6916 |
| CITY OF CHICAGO, | ) Judge Blanche M. Manning |
| | ) Magistrate Judge Nan R. Nolan |
| Defendant. | ) |

DOCKETED
MAY - 3 2002

## REPORT AND RECOMMENDATION

This case has been referred to the Court for decision on the plaintiffs' request for injunctive relief. The plaintiffs have moved for a preliminary injunction of a City of Chicago ("City") ordinance that prohibits panhandling on any public way. The City argues that the plaintiffs' preliminary injunction motion is moot because the challenged ordinance has been repealed. For the following reasons, the Court recommends that the District Court DISMISS as MOOT the plaintiffs' motion for preliminary injunction.

### Background

Because the facts of this case are fully set out in the Court's previous opinion, *Thompson v. City of Chicago*, No. 01 C 6916, 2002 WL 449057 (N.D. Ill. Mar. 22, 2002), this opinion sets forth only those facts necessary to understand the issue currently before the Court. The plaintiffs—three individuals who panhandle in Chicago—filed suit under 42 U.S.C. § 1983, alleging that section 8-4-010(f) of the Chicago Municipal Code (hereinafter "the panhandling ordinance") violates their rights under the United States Constitution and that enforcement of the panhandling ordinance constitutes false arrest under Illinois law. The plaintiffs subsequently moved the district court to enjoin the City

from enforcing the panhandling ordinance. The district court referred the plaintiffs' preliminary injunction motion to this Court.

The City filed a motion to dismiss the plaintiffs' preliminary injunction motion on the ground of mootness, arguing that it had ceased enforcing the ordinance. After holding an evidentiary hearing, the Court concluded that the City failed to establish that there was no reasonable expectation that the ordinance would be enforced in the future. Accordingly, on March 21, 2002, the Court recommended that the District Court deny the City's motion to dismiss as moot the plaintiffs' preliminary injunction motion. *Thompson*, 2002 WL 449057.[1] Subsequently, on March 27, 2002, the City repealed the panhandling ordinance and then filed a second motion to deny the preliminary injunction as moot. For the reasons stated herein, the Court recommends that the District Court grant the City's motion to dismiss.

## Discussion

The issue currently before the Court is whether the City's repeal of the panhandling ordinance moots the plaintiffs' preliminary injunction motion. In general, "the complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot." *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995); *see also Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000); *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994). As with any general rule, there is an exception. In *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982), the City of Mesquite repealed

---

[1] On March 21, 2002, the District Court advised this Court that it will toll the time for filing objections to this Court's March 21 Report and Recommendation to allow the parties to consolidate any objections to that order with any objections the parties may have regarding this Court's forthcoming opinion regarding the plaintiffs' motion for a preliminary injunction.

objectionable language from a challenged ordinance while the case was pending in the court of appeals. The Supreme Court held that the plaintiffs' challenge to the ordinance was not moot because the repeal "would not preclude [the city] from reenacting precisely the same provision if the District Court's judgment were vacated." *Id.* at 289. In reaching this decision, the Supreme Court noted that the city had announced that it would reenact the exact same ordinance if the district court's judgment were vacated. In subsequent cases, federal appellate courts have held that the *Aladdin's Castle* exception applies only where there is evidence in the record that the legislature intends to reenact the prior version of the challenged ordinance. *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1223-24 (10th Cir. 2001) (collecting cases).[2] This interpretation of *Aladdin's Castle* is consistent with the well-settled rule that voluntary cessation of putatively illegal conduct "render[s] a controversy moot where there is no reasonable expectation that the putatively illegal conduct will be repeated, and there are no remaining effects of the alleged violation." *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988).

The plaintiffs argue that the *Aladdin's Castle* exception applies in this case because the City is free to replace the panhandling ordinance with substantially similar legislation. The plaintiffs

---

[2] The plaintiffs suggest that these cases are inconsistent with *Sasnett v. Litscher*, 197 F.3d 290 (7th Cir. 1999). The Court disagrees. In *Sasnett*, several inmates challenged a prison regulation that prohibited the wearing of crosses. During the litigation, the prison replaced the old regulation with a new regulation that permitted inmates to wear crosses. At oral argument, the state's lawyer informed the Seventh Circuit that the state had no present intention of reinstating the old regulation if the district court's decision dismissing the suit is affirmed. The Seventh Circuit found, however, that the record contained evidence suggesting that the prison would reinstate the old ordinance. Specifically, the *Sassnett* court noted that "[e]ven after the new regulation was in force, the [state] continued to pursue the litigation by asking the Supreme Court to review [the Seventh Circuit's] decision invalidating the old regulation." *Id.* at 291. The *Sassnett* court concluded that the state's decision to pursue the litigation and the state's vigorous defense of the old regulation as justified, "implie[d] a high likelihood of returning to the old regulation unless that regulation is enjoined." *Id.* at 291-92.

-3-

point out that Chicago Alderman Edward M. Burke has proposed a new panhandling ordinance (hereinafter "the Burke proposal"). As noted in the preceding paragraph, however, the *Aladdin's Castle* exception applies only if there is evidence that legislature intends to reenact the prior ordinance. *Camfield*, 248 F.3d at 1223-24. The Burke proposal is substantially different from the panhandling ordinance. Rather than a ban of all panhandling on any public way in Chicago (the activity prohibited by the repealed ordinance), the Burke proposal is identical to an Indianapolis ordinance that prohibits "aggressive" and nighttime panhandling as well as panhandling near certain locations, such as banks, bus stops and sidewalk cafes. *Compare* the Burke Proposal (City's Reply, Ex. A) *with* the Indianapolis Ordinance described in *Gresham v. Peterson*, 225 F.3d 899, 901-02 (7th Cir. 2000). The Seventh Circuit rejected a constitutional challenge to the Indianapolis ordinance, distinguishing it from the citywide ban on panhandling that the Second Circuit determined to be unconstitutional in *Loper v. New York Police Dep't*, 999 F.2d 699 (2d Cir. 1993). *Gresham*, 225 F.3d at 907 (stating that the Indianapolis ordinance was a "far cry from the total citywide ban on panhandling overturned by the court in *Loper*"). Based on the significant differences between the original panhandling ordinance and the Burke proposal, the Court concludes that the record does not contain evidence that the City Council intends to reenact the repealed panhandling ordinance. Accordingly, the Court recommends that the District Court hold that the *Aladdin's Castle* exception does not apply to this case.

The plaintiffs next argue that *Weigand v. Village of Tinley Park*, 129 F. Supp. 2d 1170 (N.D. Ill. 2001), controls this case. The *Weigand* court held that the fact that an ordinance has been repealed is not sufficient by itself to moot a challenge to that ordinance. *Id.* at 1173. The *Weigand* court cited *United States v. Raymond*, 228 F.3d 804, 814 (7th Cir. 2000), for the proposition that

when determining whether a defendant is likely to repeat unlawful conduct in the future a court must consider, among other things, whether the defendant has recognized his own culpability and whether he has provided assurances against future violations. *Weigand*, 129 F. Supp. 2d at 1173. The plaintiffs in this case argue that because the City has failed both to acknowledge that the panhandling ordinance was unconstitutional and to provide any assurance that it will not reenact the same ordinance, the Court must conclude that the plaintiffs' claim for injunctive relief is not moot. The City argues that the *Weigand* court took *Raymond* out of context. According to the City, *Raymond*—a case involving an injunction issued against a tax protestor under the Internal Revenue Code—does not upset the general rule that a municipality's repeal of a challenged ordinance renders a request for an injunction against application of that statute moot.

The Court concludes that *Raymond* is not applicable to the present case. The *Raymond* decision does not concern mootness; it centers on whether the district court correctly issued an injunction against a tax protestor under Internal Revenue Code § 7408. The Seventh Circuit held that an injunction is proper under § 7408 if the government establishes that (1) the individual engaged in conduct subject to penalty under Internal Revenue Code § 6700, and (2) there is a reasonable likelihood of future violations by that individual. *Raymond*, 228 F.3d at 811 (citing *United States v. Kaun*, 827 F.2d 1144, 1147 (7th Cir. 1987)). To determine whether the government has met its burden under the second prong, a court must consider the totality of the circumstances, including, among other things, "the defendant's recognition of his own culpability . . . and the sincerity of his assurances against future violations." *Id.* at 813 (internal quotation and citations omitted). If the defendant fails either to acknowledge that his conduct was unlawful or to provide assurances that he will not violate the tax laws in the future, a court may infer that there is a

reasonable likelihood that the defendant will engage in similar conduct. The *Weigand* court does not explain why *Raymond* applies to a mootness determination based on the repeal of a challenged ordinance.

If the plaintiffs are correct that *Raymond* applies to a municipality's repeal of a challenged ordinance, then the general rule would read that the complete repeal of an ordinance does not moot a request to enjoin enforcement of that ordinance unless the municipality acknowledges that the ordinance was illegal and provides assurances that it will not reenact the same ordinance. There is no indication in the *Raymond* decision, however, that the Seventh Circuit intended to alter the general rule that "the complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot." *Rembert*, 62 F.3d at 940. The exception to that rule—the *Aladdin's Castle* exception—applies only when there is evidence in the record that the legislature intends to reenact the prior version of the challenged ordinance. *Camfield*, 248 F.3d at 1223-24. Significantly, *Raymond* does not mention *Rembert* or any other case stating the same general rule. Given that the rule cited in *Rembert* is well established in this and other circuits, *see Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart*, 864 F.2d 551, 553 (7th Cir. 1988); *Goldschmidt v. Patchett*, 686 F.2d 582, 584 (7th Cir. 1982); *Davidson*, 236 F.3d at 1182; *Noatak*, 38 F.3d at 1510, the Court will not infer that *Raymond* disturbs that rule absent a definitive declaration from the Seventh Circuit.

Even if the Court were to apply *Raymond* to the present case, the Court would conclude that the record contains evidence that the City does not intend to reenact the same ordinance. The City has distributed individual notices to all sworn personnel informing them of the repeal of the panhandling ordinance. The record also indicates that the City is considering replacing the

panhandling ordinance with the Burke proposal. The ordinance proposed by Alderman Burke appears to be constitutional. *See Gresham*, 225 F.3d 899. Even if the Court were to apply *Raymond*, the Court would conclude that the repeal of the panhandling ordinance plus these additional steps by the City, i.e., formulating a proposed alternative ordinance that appears to be constitutional and notifying individual police officers of the repeal, indicates that it is unlikely that the City intends to reenact the challenged panhandling ordinance.

## Conclusion

Because the City has repealed the challenged ordinance and because the record contains no evidence indicating that the City intends to reenact that ordinance, this Court recommends that the District Court DISMISS as MOOT the plaintiffs' preliminary injunction motion. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).[3] Failure to object constitutes waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

---

[3] As noted previously in this opinion, each party should consolidate any objections to this opinion with any objections they may have to the Court's March 21 Report and Recommendation. (*Supra* note 1).

ENTER:

*Nan R Nolan*

Nan R. Nolan

United States Magistrate Judge

Dated: MAY 02 2002