# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6916 | **DATE** | September 23, 2002 |
| **CASE TITLE** | *Jessie Thompson, et al. v. City of Chicago* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendant City of Chicago's Motion to Dismiss Counts III and IV of the Second Amended Complaint [31-1] is DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ☒ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESSIE THOMPSON, et al.,           )
                                   )
    Plaintiffs,                   )
                                   )       Hon. Blanche M. Manning
    v.                            )
                                   )       01 C 6916
CITY OF CHICAGO, a municipal corporation,  )
                                   )
    Defendant.                    )

## MEMORANDUM AND ORDER

Plaintiffs Jessie Thompson, Ronald Davis, and Nadine Buchanan, both individually and on behalf of a proposed class, brought this action against the City of Chicago ("the City") for allegedly violating their rights under 42 U.S.C. § 1983, the First Amendment, and the Fourth Amendment. The instant matter comes before the court on the City's Motion to Dismiss Counts III and IV of the Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is DENIED.

## BACKGROUND[1]

This action stems from section 8-4-010(f) of the Chicago Municipal Code, which states that "[a] person commits disorderly conduct when he knowingly: . . . (f) Goes about begging or soliciting funds on the public ways, except as provided in Chapter 10-8, Sections 10-8-110 through 10-8-170. Chapter 10-8 allows individuals to solicit charitable donations provided have a permit.

---

[1]    The facts in the background section are derived from Plaintiffs' Second Amended Complaint.

Named Plaintiffs are homeless persons who panhandle money from pedestrians on the public sidewalks in the City. Plaintiffs contend that section 8-4-010 and the City's customs and practices violated their rights under section 1983 (Counts I and II), the First Amendment (Count III), and the Fourth Amendment (IV). They seek a declaratory judgment stating that the panhandling ordinance violates the First and Fourth Amendments, a preliminary and then a permanent injunction barring the City from enforcing the panhandling ordinance and barring the City from harassing Plaintiffs from panhandling, money damages to be determined at trial, and costs and attorneys' fees.

Plaintiffs allege that the City has repeatedly ticketed and arrested them, pursuant to section 8-4-010(f), for panhandling on public sidewalks. On October 30, 2001, the City sent a facsimile to the various police districts instructing the police not to enforce the ordinance. Despite this alleged change in policy, Plaintiffs contend that the City has maintained a policy of arresting and harassing them for panhandling on public sidewalks.

In response to the Second Amended Complaint, the City has moved to dismiss Counts III and IV.

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir.1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir.1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wis., 946 F.2d 1574, 1579 (7th Cir.1991), citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n. 2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir.1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir.1992).

## ANALYSIS

The City contends that this Court should dismiss Counts III and IV because Plaintiffs have failed to sufficiently plead: (I) municipal liability; (II) a First Amendment claim; and (3) a cause of action under the Fourth Amendment. The Court will discuss each of these contentions in turn.

### I.  Monell Policy Claims

To state a claim for a constitutional deprivation against a municipality, the plaintiff must allege the existence of a municipal policy or custom which caused the alleged violation. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978). A municipality faces liability only where its policy is the "moving force" behind the constitutional violation. Samuel v. City of Chicago, 41 F. Supp. 2d 808, 810 (N.D. Ill. 1999). To allege that a municipal policy violated a constitutional right, a plaintiff must allege: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by express municipal policy, is so permanent and well-settled that it amounts to a custom with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. Baxter by Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 734-35 (7th Cir.1994). See also Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir. 1983) ("[l]iability may be predicated pursuant to a governmental custom even though such a custom has not received formal approval").

In pleading the above requirements, plaintiffs need only comply with the conventional standards of notice pleading and are not required to meet any heightened pleading standard. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 165 (1993). Plaintiffs need not "allege all, or any of the facts logically entailed by the claim." American Nurses Assoc. v. Illinois, 783 F.2d 716, 727 (7th Cir.1986). "[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." Id.

Plaintiffs, nevertheless, must do more than plead empty allegations of municipal policy to state a claim. McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir.1995); Taylor v. City of Chicago, 1997 WL 51445, at *2 (N.D. Ill. Feb. 3, 1997). "Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient." Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir.1994). Plaintiffs must plead the operative facts which form the basis of their claims. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

Here, Plaintiffs allege that the City has a policy, both written and unwritten custom and practice, which violated their rights under the First and Fourth Amendments. In Count III, Plaintiffs allege that:

> [i]n addition to regulating panhandling activity through Section 8-4-010(f) . . . the City has a policy, which is executed by the Chicago Police, of verbally harassing and reprimanding those individuals engaged in peaceable panhandling on the City sidewalks. Such harassment includes, but is not limited to, telling individuals that they cannot panhandle in the public forum in which they are currently panhandling and to move along.

(Second Am. Compl. at ¶ 48.) Similarly, Count IV alleges that the City "knew or should have known that Section 8-4-010(f) . . . violated individuals' First Amendment rights and was, therefore, unconstitutional." (Id. at ¶ 53.) Despite this alleged knowledge, Plaintiffs contend that the City's:

> policies of failing to repeal the Ordinance and failing to adequately train the Chicago Police [to refrain from making arrests under Section 8-4-010(f)] amount to deliberate indifference to Plaintiffs Fourth Amendment rights to be free from unlawful seizure and arrest, search, and detention as those rights are secured by the Fourth Amendment.

(Id. at ¶ 56.) Additionally, paragraphs 12-21 detail five specific instances (including dates) when Plaintiffs were arrested, ticketed, or harassed by the Chicago Police for exercising their First Amendment right to panhandle on City sidewalks. Plaintiffs further allege that, even after the City allegedly decided not to officially enforce section 8-4-010(f), the City continued to obstruct Plaintiffs' First Amendment rights by arresting and harassing Plaintiffs for panhandling on public sidewalks.

The City contends that these allegations are insufficient to state a claim because they are conclusory and unsupported by facts. The City relies on McTigue v. City of Chicago, 60 F.3d 381 (7th Cir.1995), for the proposition that a plaintiff alleging a claim of municipal custom or

policy must allege some specific facts concerning the alleged policy or custom. Although there is language in <u>McTigue</u> supporting the City's position, the Court believes that the Seventh Circuit's decision in <u>McCormick v. City of Chicago</u>, 230 F.3d 319 (7th Cir.2000), controls this case.

In <u>McCormick</u>, the plaintiff brought a section 1983 claim against the City alleging that the City had "a widespread custom of allowing white police officers in predominately white districts, to engage in individual acts of discrimination against African-Americans, without fear of vigorous and effective enforcement of City anti-discrimination policies." 230 F.3d at 322. Reversing the district court's dismissal of the plaintiff's claim, the Seventh Circuit held that this language was enough to support a section 1983 claim against the City. <u>Id.</u> at 324-25. The court stressed that the Federal Rules of Civil Procedure only require notice pleading, and that the U.S. Supreme Court's decision in <u>Leatherman</u>, 507 U.S. at 164-69, which held that the "smattering of phrases like . . . widespread custom" throughout the complaint is generally enough to state a claim for municipal liability, confirmed that there is no heightened standard of pleading. <u>McCormick</u>, 230 F.3d at 323-25. The court also distinguished cases such as <u>McTigue</u>, noting that in those cases where dismissal was affirmed, "the plaintiffs left out facts necessary to give the defendants a complete understanding of the claims made against them." <u>Id.</u> at 325.

Following <u>McCormick</u>, many courts in this district have refused to dismiss claims against the City stemming from alleged policies and customs of the City which resulted in alleged constitutional deprivations, where the plaintiffs made similar allegations to those used here by Plaintiffs. <u>See, e.g.</u>, <u>Torres v. City of Chicago</u>, 123 F. Supp. 2d 1130, 1132 (N.D. Ill. 2000) (denying the City's motion to dismiss, the court held that "[c]onclusory language in the

complaint was sufficient to put the City on notice of the claims even though it did not plead facts"); Hampton v. City of Chicago, 1997 WL 790590, at *4 (N.D. Ill. Dec. 17, 1997) (denying City's motion to dismiss, the court held that the plaintiff "was not under any obligation to plead specific facts concerning the City's alleged practices or policies").

Consequently, although Plaintiffs' allegations of the City's policies and procedures are not stated with particular clarity, this Court finds that the allegations sufficiently state a municipal liability claim under McCormick.

## II.     Right to Panhandle Under the First Amendment

The City further contends that this Court should dismiss Count III because Plaintiffs have failed to sufficiently plead a claim under the First Amendment.

To plead a claim for a violation of the First Amendment against a municipality, plaintiffs must alleged that they sustained or are immediately in danger of sustaining a specific, direct injury from a government policy that chills the exercise of their First Amendment rights. Laird v. Tatum, 408 U.S. 1, 13 (1972); Carroll v. City of Chicago, 1997 WL 189299, at *8 (N.D. Ill. April 15, 1997). The government policy, however, must present an objective harm or threat to the plaintiffs; allegations of a subjective "chill" are not sufficient. Id.

Here, section 8-4-010(f) prohibits panhandling on any of the City's "public ways." Although neither the Supreme Court nor the Seventh Circuit have addressed the issue, in Loper v.. New York Police Department, 999 F.2d 699, 709 (2d Cir.1993), the Second Circuit held that a similar panhandling statute, which broadly prohibited all panhandling on city streets, violated the First Amendment. In Gresham v. Peterson, 225 F.3d 899 (7th Cir.2000), the Seventh Circuit rejected a constitutional challenge to an Indianapolis panhandling ordinance that prohibited

"aggressive panhandling," but permitted peaceful panhandling at certain times and in certain locations. The Seventh Circuit, however, noted that the ordinance was a "far cry from the total citywide ban on panhandling overturned by the court in Loper." Gresham, 225 F.3d at 907.

Here, the City has not at this time challenged Counts I and II, which allege that section 8-4-010(f)'s broad prohibition on panhandling violated Plaintiffs' First Amendment rights. On October 30, 2001, after this suit was filed, the City sent a facsimile to each police district stating that the police were no longer to enforce the panhandling ordinance. Plaintiffs, however, allege in Count III that, despite the patently illegal nature of section 8-4-101(f) and the October 30 facsimile, the City, nevertheless, has a policy of harassing and reprimanding persons who panhandle on public sidewalks in Chicago. Consequently, construing the allegations as true, this Court finds that Plaintiffs have sufficiently alleged that the City has a custom and practice that presents a sufficiently objective barrier to Plaintiffs' First Amendment right to panhandle on public sidewalks.

### III.   Fourth Amendment Claim

The City additionally seeks to have this Court dismiss Count IV, which alleges that the City's policies of failing to repeal section 4-8-010(f) and to adequately train the police amounted to deliberate indifference to Plaintiffs' Fourth Amendment rights. The City contends that Plaintiffs have failed to plead a claim under the Fourth Amendment because when the police arrested or detained Plaintiffs, the police had a good faith belief in the constitutional validity of the ordinance, and therefore, the arrests or detentions were made with probable cause.

The City is correct in that an arrest which is made with probable cause and with a good faith belief that the law, under which the arrest is made, is constitutional, does not make out a

claim under the Fourth Amendment. <u>Michigan v. DeFillioppo</u>, 443 U.S. 31, 37-38 (1979); <u>Ryan v. County of DuPage</u>, 45 F.3d 1090, 1094 (7th Cir. 1995). However, in <u>Ryan</u>, 45 F.3d at 1094, the Seventh Circuit noted that the above rule does not apply where "the invalidity of the rule was or should have been plain to the arresting officers."

In setting out the above exception, the Seventh Circuit relied on <u>Buffkins v. City of Omaha</u>, 922 F.2d 465 (8th Cir. 1991). In <u>Buffkins</u>, the plaintiff brought an action against a city and two police officers for violating her Fourth Amendment rights after the police arrested the plaintiff under a city ordinance that was later held unconstitutional. <u>Id.</u> at 466. The claim against the city alleged that the city's failure to repeal the ordinance, which the city knew or should have known was unconstitutional, resulted in the alleged constitutional deprivation. <u>Id.</u> at 471.

Reversing the district court's dismissal of the city, the Eighth Circuit noted that, at the time of the arrest, the constitutionality of the ordinance at issue had already been questioned by the state supreme court and that several federal courts had held similar ordinances unconstitutional. <u>Id.</u> Therefore, because the officers relied on the patently unconstitutional ordinance in arresting the plaintiff, the court held that the city "was improperly dismissed." <u>Id.</u> at 471-72.

Here, similar to <u>Buffinks</u>, as explained above, in <u>Loper</u>, 999 F.2d at 709, the Second Circuit held that an almost identical panhandling statute, which broadly prohibited all panhandling on city streets, violated the First Amendment. In <u>Gresham</u>, 225 F.3d at 907, the Seventh Circuit, in upholding a much narrower ordinance, which limited panhandling to certain areas, noted that the ordinance was "far cry from the total citywide ban on panhandling overturned by the court in <u>Loper</u>." Likewise, a number of other courts have held that ordinances

which broadly prohibit panhandling are unconstitutional. See Benefit v. City of Cambridge, 679

N.E.2d 184, 189-90 (Mass. 1997); C.C.B. v. State of Florida, 458 So.2d 47 (Fla. App. Ct. 1984).

Accordingly, given Plaintiffs' allegations that the City "knew or should have known" that

the ordinance violated the First Amendment but nevertheless failed to repeal it, this Court finds

that Plaintiffs have sufficiently pled a claim under the Fourth Amendment. This conclusion is

also supported by Plaintiffs' contention that the City never prosecuted any alleged violations of

section 4-8-010(f) and the October 30 facsimile ordering the police not to enforce the ordinance.

See Czerniak v. City of Milwaukee, 611 F. Supp. 182, 190 (E.D. Wis. 1985) (holding that the

police officers' knowledge that the city had a practice of not prosecuting persons arrested under

the contested ordinance was relevant in determining reasonableness of the police officers'

conduct).

## CONCLUSION

For the foregoing reasons, Defendant City of Chicago's Motion to Dismiss Counts III and

IV of the Second Amended Complaint [31-1] is DENIED. It is so ordered.

ENTER:

Blanche M Manning

**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 9-23-02